UNITED STATES BANKRUPTCY COURT
EASTERN  DISTRICT OF LOUISIANA

IN THE MATTER OF                                                    NUMBER

**LEVY M. GUIDRY**                                              **05-17305**
                                                                  **SECTION A**
DEBTOR

                                                                  CHAPTER 13

<u>**REASONS FOR DECISION**</u>

This matter came before the Court on May 23, 2006, and on June 27, 2006, on the

Objection to the Proof of Claim of Hibernia National Bank[1] ("HNB") filed by debtor,

Levy M. Guidry ("Debtor").   Hibernia National Bank filed a response, asking that

Debtor's Objection be denied.

**I.  Facts**

Debtor filed a voluntary petition under Chapter 13 of the U. S. Bankruptcy Code

on August 23, 2005.

The deadline for filing proofs of claim was January 26, 2006.

The record of the case reflects, and HNB admitted, that HNB received, at three

different addresses, the timely notice of the meeting of creditors, the proof of claims

deadline, and the confirmation hearing.   HNB also received a copy of Debtor's proposed

plan with the preceding notice.

HNB filed a proof of claim on September 16, 2005 in the secured amount of

$48,064.01 ("claim no. 1").[2]   On September 18, 2006, HNB filed a second proof of claim

in the unsecured amount of $2,004.48 and in the secured amount of $24,012.33 for a total

---

[1] Hibernia National Bank is now Capital One Bank ("HNB" collectively).

[2] Claim no. 1 is based on a note which is secured by a mortgage on real property at 766 Aragon Road,
Montegut, Louisiana 70377.

claim of $26,016.81 ("claim no. 2").  HNB claimed a security interest in a 2002 Ford F-250 truck.

Debtor's plan was confirmed on December 13, 2005.  HNB did not object to confirmation.

Paragraph 13 of the confirmed Plan reads:

> **Hibernia National Bank** – CRAM DOWN OF **2002 F250 FORD** PURSUANT TO 11 U.S.C. SECTION 506.  **This plan, upon confirmation, reduces the secured claim of HIBERNIA NATIONAL BANK to $16,518.25.  This includes principal and interest at 8%. This plan, upon confirmation, ALSO reduces the interest rate of the secured claim of HIBERNIA NATIONAL BANK from 8.50% to 8.00%.  Where Debtor has "crammed down" secured creditor's claim and has paid off the secured portion of the claim in this Plan, the Debtor will receive the title to the property free and clear of the creditor's lien, notwithstanding that the Debtor has not completed the payment of unsecured claims under the Plan.  HIBERNIA NATIONAL BANK "shall," return to debtor(s), the car title with lien marked "satisfied" upon receipt of $16,518.25.  THE DEBTOR(S) DO(ES) NOT INTEND TO FILE AN ADVERSARY COMPLAINT OR CONTESTED MATTER IN ORDER TO CRAM DOWN THE VALUE OF THE CAR.  CONFIRMATION OF THIS PLAN SHALL CONSTITUTE FINDING OF VALUATION PURSUANT TO 11 U.S.C. SECTION 506.  In re Dickey Beneficial Finance, 293 B.R. 360 (2003).)** [sic]

On April 18, 2006, Debtor filed an Objection to Claim No. 2 of HNB ("Objection").  The Objection states that HNB's claim was "crammed down" from $24,012.33 to $16,518.25 under the terms of the Plan.

On April 20, 2006, HNB filed a response which generally denied the allegations of the Objection.

An initial hearing on the Objection was held on May 23, 2006, at which time the parties introduced competing values, as calculated by the National Automotive Dealers

Association ("NADA"), for the vehicle.  The Court gave the parties until June 20, 2006 to file supplemental briefs and continued the matter to June 27, 2006.

A subsequent hearing was held on June 27, 2006, at which time the Court took the matter under advisement.

Debtor submits that the "cram down" value of $16,518.25 is based on an NADA report that utilizes the make, model, and year of the vehicle with a deduction for excess mileage.[3]

HNB submitted a higher NADA value based on the specific vehicle identification number ("VIN") of the truck in question, including the extra packages with which it is equipped.  HNB showed a retail value of $26,250, a trade in value of $22,875, and a loan value of $21,050.

HNB filed a supporting memorandum on June 19, 2006.  HNB admitted in its supporting memorandum that the NADA values it supplied, while based on the exact features of the truck, did not take into account deductions for excess mileage.

On July 5, 2006, Debtor filed a supplemental brief in support of the Objection.

I.      **Law and Analysis**

Debtor maintains that the provisions of paragraph 13 of its Plan are *res judicata* as to the claim of HNB.  As a result, HNB's position amounts to a collateral attack on the confirmation order rendered by this Court.  HNB argues that its proof of claim, on file prior to the confirmation of Debtor's Plan, is *prima facie* evidence of its secured claim.  Further, under Fifth Circuit precedent, a confirmed plan can not affect the rights of a

---

[3] The NADA report submitted shows an average trade-in value of $12,300.00 and an average retail value of $15,100.00.  The vehicle had an odometer reading of 140,000 on the petition date.  Vehicles with over 100,000 miles are discounted under NADA guidelines.

secured claimant unless the confirmation is accompanied with a formal Objection to Claim.[4]

Section 1327(a) provides:

> The provisions of a confirmed plan bind the debtor and each creditor, whether or not the claim of such creditor is provided for by the plan, and whether or not such creditor has objected to, has accepted, or has rejected the plan.

Under §502(a) a claim or interest, proof of which is filed under section 501, is deemed allowed, unless a party in interest objects.   Section 506(a)(1) provides, in pertinent part:

> An allowed claim of a creditor secured by a lien on property in which the estate has an interest,... is a secured claim to the extent of the value of such creditor's interest in the estate's interest.... Such a value shall be determined in light of the purpose of the valuation and of the proposed disposition or use of such property.

HNB filed its proof of claim on September 18, 2006, prior to the bar date in this case and prior to the confirmation hearing.  The claim alleged that $24,012.33 of HNB's claim was secured, based on the value of its collateral.

Debtor's Plan alleged the secured claim to be $16,518.25 based on his valuation of the collateral.  Though the proof of claim was in conflict with Debtor's proposed Plan, Debtor did not object to HNB's claim.  Though the Plan proposed to pay HNB under terms in conflict with its proof of claim, HNB did not oppose confirmation.

Section 1325(a) instructs:

> (A) except as provided in subsection (b), the court shall confirm a plan if—
> *               *               *
> (5) with respect to each allowed secured claim provided for by the plan----
> (A) the holder of such claim has accepted the plan;
> (B)(I) the plan provides that—

---

[4] *Simmons v Savell*, 765 F.2d 547 (5th Cir. 1985).

4

\*   \*   \*

(II) the value, as of the effective date of the plan, of property to be distributed under the plan on account of such claim is not less than the allowed amount of such claim;

The provisions of section §1325(a) are mandatory, not permissive.[5]  As a result, a court may not confirm a plan unless the claimant is paid the allowed amount of its secured claim.  At the time of confirmation, HNB's proof of claim was valid, *prima facie* evidence of its secured claim.  No objection had been filed, and therefore, the claim was an allowed claim under §502, as well as, an allowed, secured claim under §506.  Until the claim was successfully challenged, Debtor was not free to reduce or deviate from treatment of the claim as required by §1325(a)(5).

Despite the requirements of §1325(a)(5), however, Debtor's Plan was confirmed.  As a result, Debtor now claims that §1327 binds the secured claimant to treatment that would otherwise not be permissible under §1325(a)(5).  In support of this position Debtor cites *Dickey v Beneficial.*[6]

The Court in *Dickey* avoided a lien based on the provisions of a confirmed plan.  After finding that due process had been satisfied through notice of the proposed plan,[7] the Bankruptcy Court set forth its new requirements for stripping a lien in a plan:

> In order to strip off a mortgage through the confirmation of a Chapter 13 plan, the plan must clearly state on its face that the debtor does not intend to file an adversary complaint or contested matter in order to avoid the lien, that the confirmation order alone will avoid it, and that if the affected creditor wishes to contest the avoidance, he must file an objection to the

---

[5] *Associates Commercial Corp. v. Rash*, 520 U.S. 953, 956, 117 S.Ct. 1879, 1882, 138 L.Ed.2d 148 (1997); *Till v. SCS Credit Corp.*, 541 U.S. 465, 468, 124 S.Ct. 1951, 1955, 158 L.Ed.2d 787 (2004).

[6] *Dickey v. Beneficial Finance (In re Dickey)*, 293 B.R. 360 (Bankr.M.D.Penn. 2003).

[7] In *Dickey* the Court stated, "The notice to be received by the creditor must be reasonably calculated to make the party aware of the impact confirmation will have on the creditor's rights, and it must provide a reasonable time in which the creditor can respond."  923 B.R. at 363.

plan. The Court will consider on a case by case basis the question of whether a lien made avoided through a confirmed plan can be satisfied prior to the debtor receiving a discharge.[8]

While the holding in *Dickey* is attractive to this Court because it affords finality to an order of confirmation and avoids duplicity in the litigation of a claim, this is not the law in the Fifth Circuit.

In *Sun Finance Company, Inc. v. Howard (In re Howard)*[9] the Fifth Circuit addressed a factual situation very similar to the one before this Court.  Sun Finance held a mortgage on two of the debtor's properties.  Debtor scheduled Sun Finance as a secured creditor and Sun Finance filed a proof of claim to that effect prior to confirmation.  No objection to the proof of claim was filed by debtors.

The plan provided that Sun Finance be paid $500 in full satisfaction of its secured claim.  Sun Finance received notice of the filing of the bankruptcy petition, the meeting of creditors, and the confirmation hearing.  Sun Finance did not receive a copy of the plan, although the notice of the confirmation hearing provided some of the plan's terms.

The Fifth Circuit, considered the effect of plan confirmation under §1327(a), along with the procedures for objection to confirmation found in §§ 502(a)[10], 506(a)[11] and FRBP 3001[12] and 3007.[13] In balancing these competing provisions of the Code, the Court held:

---

[8] *Id*. at 364.

[9] *Sun Finance Company, Inc. v. Howard (In re Howard)*, 972 F.2d 639 (5th Cir.1992).
[10] Section 502(a) provides that a claim is deemed allowed unless an objection to it is filed.

[11] The Fifth Circuit's interpretation of section 506(a) is that "the value of a secured claim must be determined in conjunction with any plan that would affect the creditor's interest."  972 F.2d at 641.

[12] FRBP 3001 provides that a proof of claim is a *prima facie* evidence of the validity and amount of the claim.

[A] Chapter 13 plan which purports to reduce or eliminate a creditor's secured claim is res judicata [sic] as to that creditor only if the debtor has filed an objection to the creditor's claim. If no objection is filed to a secured claim, the creditor is entitled to rely upon its lien and not participate in the bankruptcy proceedings.[14]

The holding of *Howard* was confirmed in *Boyle Mortgage Co. v. Cook*.[15] In *Cook*, the plan provided that Boyle Mortgage Co. ("Boyle"), a secured creditor, receive $6,270 in monthly installments of $174.16 in satisfaction of its secured claim. Though Boyle received notice of the confirmation hearing and a copy of the debtor's proposed plan, Boyle did not object to confirmation. Following confirmation, Boyle filed a proof of claim, asserting a secured claim of $12,409.40. The debtor objected to the proof of claim arguing that the plan was *res judicata*. The Bankruptcy Court and District Court sustained the debtor's objection.

The Fifth Circuit reversed. Even though Boyle received a copy of the plan and knew that it proposed a reduction of the secured claim, the Fifth Circuit refused to bind Boyle to the terms of the plan. Relying on *Howard* and *Simmons v. Savell*,[16] the Court held that a debtor must "affirmatively object to a secured claim, pursuant to 11 U.S.C. §506(a), and the associated Bankruptcy Rules 3007 and 9014, in order to modify or avoid a creditor's lien in bankruptcy."[17]

---

[13] FRBP 3007 provides the procedure for objection to a proof of claim.

[14] *Howard*, 972 F.2d at 639.

[15] *Boyle Mortgage Co. v. Cook (In re Cook)*, Case no. 93-7459 (5th Cir. 6/2/1994). This is an unpublished opinion, however, when citing *Cook* in *IRS v. Taylor (In re Taylor)*, 132 F.3d 256 (5th Cir. 1998), the Fifth Circuit noted that unpublished opinions issued prior to January 1, 1996 are precedent.

[16] *Simmons v. Savell*, 765 F.2d 547 (5th Cir. 1985).

[17] *Id.* at p. 3. The Fifth Circuit flatly dismissed, as contradictory to *Simmons*, arguments that 1) creditors will get two chances to attack the debtor: the confirmation hearing and the hearing on the objection to claim; and 2) requiring an objection to confirmation goes against §1327(a).[17]

Upon consideration of the above Fifth Circuit cases, the Court can only conclude that the confirmation of Debtor's Plan is not binding on the secured creditor, HNB, either to eliminate or reduce its claim.   Elimination or reduction of a claim can only be accomplished through an objection to claim, such as the one presently before the Court. Therefore, the value of the vehicle, as stated in the Plan, is not *res judicata*.  The Court must look to the evidence offered to determine the value of the vehicle, which in turn will determine the extent of HNB's lien.[18]

The NADA value submitted by HNB is based on the specific vehicle in question, valued through the use of its VIN.  However, HNB's query did not provide for excess mileage on the vehicle.  The NADA report submitted by Debtor provides for a reduction in the vehicle's value of $4,350 for high mileage, but it is not based on the specific VIN and packages contained on the vehicle in question.  Therefore, the Court will adopt the value stated in HNB's NADA report of $26,150, minus a $4,350 reduction for high mileage, for a total value of $21,800.

## II.    Conclusion

The Court will sustain in part and overrule in part Debtor's Objection to Claim. HNB's secured claim will be allowed in the amount of $21,800, and Debtor shall amend his Plan accordingly.

New Orleans, Louisiana, September 15, 2006.

Hon. Elizabeth W. Magner
U.S. Bankruptcy Judge

---

[18] Section 506(a)(1) provides that an allowed claim secured by a lien on debtor's property is a secured claim to the extent of the value of the collateral.